[651 NYS2d 594]

In the Matter of R. RODNEY WASHINGTON, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 23, 1996

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Robert J. Saltzman* of counsel), for petitioner.

*R. Rodney Washington,* Brooklyn, respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

The petition, dated February 15, 1995, contains one charge

of professional misconduct against the respondent. The Special Referee sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report. The respondent has submitted an affirmation urging the Court to reject that report and to dismiss the matter.

The charge is predicated on the respondent's failure to cooperate with a lawful investigation by the Grievance Committee. In or about October 1993, the Grievance Committee received notice pursuant to 22 NYCRR part 1300 that a check drawn on the respondent's special/trust/escrow account (hereinafter IOLA account) at European American Bank was dishonored due to insufficient funds. By letter dated October 7, 1993, respondent was directed to submit to the petitioner the bookkeeping records required to be maintained pursuant to Code of Professional Responsibility DR 9-102 (D) (22 NYCRR 1200.46 [d]). Respondent failed to submit those records.

Based on the evidence adduced, we conclude that the Special Referee properly sustained the charge of professional misconduct. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent concedes that there was some delay in supplying the requested information to the Grievance Committee but attributes that to the meager resources of his solo practice. Assuming, arguendo, that the respondent's assertion that he used his IOLA account solely for clearing fees was accurate, he is still required, pursuant to Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46), to submit the requested bank records for the Grievance Committee's inspection. Nevertheless, the respondent submitted the materials he was required to provide and made the appropriate responses only when presented with the threat of immediate suspension or disbarment on default. The pattern of behavior exhibited by the respondent of failure to cooperate with the Grievance Committee's investigation constitutes conduct prejudicial to the administration of justice and conduct reflecting adversely upon his fitness to practice law. Under the circumstances, the respondent is suspended from the practice of law for one year.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and O'BRIEN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, R. Rodney Washington, is suspended from the practice of law for a period of one year,

commencing January 23, 1997, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, R. Rodney Washington, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.